UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

WENDELL DWAYNE O=NEAL,

       Plaintiff,

      v.

HENNEPIN COUNTY, a Municipal Corp.,
Mr. BARRY and CHUCK SALTER,
Assistant District Attorneys, BARBARA
KHERBERG, Public Defender Office,
B. R., and CAROL ENGEL, Supervisors,
Probation, Ms. DENISE BLAZEK, ROBIN
MARTINSON, and JAML NEJCAR,
Probation Officers, 300 SIXTH STREET,
MINNEAPOLIS, MINNESOTA 55487,
KHALED ABEL, SuperAmerica, L.L.C. and,
or Inc., 3807 FREEMONT AVE.,
MINNEAPOLIS, SUPERAMERICA, L.L.C.
and, or INC., 3807 FREEMONT AVE.,
MINNEAPOLIS, MINNESOTA, CITY OF
MINNEAPOLIS, A Municipality, P. O.
GREGORY FREEMAN, Detective, P. O.
RABINE, P. O. MURO, Minneapolis Police
Officers, TURNING POINT, INC., A Private
Government Funded Corp., MINNEAPOLIS,
MINNESOTA, MADISON COUNTY, a
Corporate Municipality, 100 NORTHSIDE
SQUARE, HUNTSVILLE, ALABAMA
35801, P. O. TRICIA ULSETON, Probation,
supra, 715B. WHEELER AVE.,
HUNTSVILLE, ALABAMA 35801,

       Defendants.

Civil No. 08-377 (JNE/JJG)

**REPORT AND
RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Plaintiff=s

AApplication To Proceed Without Prepayment of Fees,@ (Docket No. 2), by which he is

seeking leave to proceed in forma pauperis, (AIFP@), as permitted by 28 U.S.C. ' 1915(a)(1).

The matter has been referred to this Court for report and recommendation under 28 U.S.C. '
636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that
Plaintiff=s IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. '
1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff has
filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C.
' 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  To
state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if
proven true, would entitle the plaintiff to some legal redress against the named defendant(s)
based on some cognizable legal theory.  Although federal courts must Aview pro se pleadings
liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which
if true, state a claim as a matter of law.@ Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir.
1980).

Plaintiff=s current complaint fails to state an actionable claim because it is simply
unintelligible. It appears that Plaintiff has had numerous acrimonious encounters with various
law enforcement officials during the past four years.  He apparently is attempting to sue those
law enforcement officials, and their municipal employers, because he believes they violated
his federal constitutional rights.  However, Plaintiff=s complaint is fatally defective, because he
has not presented a comprehensible statement of historical events, which if true, would
support an actionable claim for relief.

One paragraph of the complaint, which well illustrates the incomprehensibility of
Plaintiff=s pleading, reads as follows:

2

A[Defendant] MARTINSON did not then violate plaintiff subsequent to his telephoned advisement of DISCHARGE from BEACON PROGRAM and, particularly, being so informed of circumstances alleged by facility, which she so deliberately FAILED to INVESTIGATE for believed known reason that said facility simply chose to DISCRIMINATE against him for believed interstate inspired reasons of past membership in the M.I.P.R.S., which instances of rejection continued in MINNESOTA, despite him not being acquainted with persons committing such acts.@

(Complaint, [Docket No. 1], & 61.)

Another typical example of Plaintiff=s pleading is the following:

ADefendants could not CONVICT plaintiff of aforesaid alleged PROBATION VIOLATION without required HEARING and, which they evaded to prevent his WITNESS against TURNING POINT administrator for wrongful DISCHARGE, based upon unlawful POLICY involving his wearing an OVERSIZED police BADGE; herein alleged DISCRIMINATION; and, violating his MEDICAL CONFIDENTIALITY, in additions that he was never lawfully ADMITTED into said facility resulting in said DISMISSAL, contrary to his civil rights to both PROCEDURAL, and SUBSTANTIVE DUE PROCESS under color of MINNESOTA PROBATION REVOCATION, M.S.A. SECTS., 609.14., ET. SEQ., laws requiring said HEARING, supra.@

(Id., & 75.)

Most of the remaining 137 paragraphs of Plaintiff=s complaint are just as inscrutable as the two that are quoted above. The complaint does not provide a coherent description of what, specifically, each named Defendant allegedly did (or failed to do) that supposedly would entitle Plaintiff to legal redress. Thus, the Court finds that the complaint fails to state a cause of action on which relief can be granted. It follows that Plaintiff=s IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. ' 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

3

1.  Plaintiff=s AApplication to Proceed Without Prepayment of Fees,@ (Docket No. 2), be

DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. ' 1915(e)(2)(B)(ii).

Dated: March 28, 2008                    s/ *Jeanne J. Graham*
                                         JEANNE J. GRAHAM
                                         United States Magistrate Judge

## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 11, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party=s right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. ' 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.